FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 MAR 18 PM 1: 02

MIDDLE D...
ORLANDO, FL

DEREASE L. IRONS,

        Plaintiff,

vs.

CITY OF HOLLY HILL, a
Florida Municipal Corporation,
STEPHEN ALDRICH, Police Chief of
Holly Hill Police Department, in his official capacity,
and SERGEANT JAMES PATTON, in his individual capacity,

        Defendants.

Case No. 6: 16-CV-479-Orl-31GJK
Division:

_____/

## VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DEREASE L. IRONS, by and through his undersigned

counsel, pursuant to Rules 7(a)(1), 8, and 15(a)(1)(B), Federal Rules of Civil Procedure, and 42

U.S.C. §§ 1983, and hereby sues the Defendants, the CITY OF HOLLY HILL, STEPHEN

ALDRICH, Police Chief of Holly Hill Police Department, in his official capacity, and

SERGEANT JAMES PATTON, individually, for monetary damages, attorney's fees, and costs,

and in further support thereof would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages, attorney's fees, and costs for the deprivation of the

Plaintiff's rights as secured by the Fifth and Fourteenth Amendments to the United States

Constitution.

2.     The Plaintiff invokes the jurisdiction of this Honorable Court pursuant to 42

U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 1331 and 1348 as to the federal claims herein. To

Page 1 (of 8)

the extent any State law claims exist, this Court has supplemental jurisdiction over the same pursuant to 28 U.S.C. § 1367.

3.    At all times material, the Plaintiff, DEREASE L. IRONS, was *sui juris* and a resident of Volusia County, Florida, which lies within the Middle District of Florida, and is a citizen of the United States.

4.    At all times material, Defendant, CITY OF HOLLY HILL, was a Florida Municipal Corporation and serving as the local governmental authority for Holly Hill, Florida, which lies within the Middle District of Florida.

5.    At all times material, the Defendant, STEPHEN ALDRICH, in his official capacity as Police Chief of the HOLLY HILL POLICE DEPARTMENT, was at all times material hereto responsible for the supervising, training, instruction, discipline, control, and conduct of police officers of the HOLLY HILL POLICE DEPARTMENT and made policy for the same with respect to searches, seizures, arrests, and use of force. At all times material hereto, Defendant STEPHEN ALDRICH had the power, right, and duty to train and control his officers, agents, and employees to conform to the Constitution of the United States and to ensure that all orders, rules, instructions, and regulations promulgated for the HOLLY HILL POLICE DEPARTMENT were consistent with the Constitution of the United States. At all times material hereto, Defendant ALDRICH, his agents, and employees acted under color of State law.

6.    At all times material, the Defendant, SERGEANT JAMES PATTON, was a sworn member of the Holly Hill Police Department, the law enforcement wing of the CITY OF HOLLY HILL. At all times relevant to this case, Defendant PATTON made policy for the Holly Hill Police Department with respect to searches, seizures, and arrests, acted in conformance with

the customs, practices, and/or policies of the Holly Hill Police Department, and acted under color of State law.

## GENERAL ALLEGATIONS

7.     On or about July 10, 2012, the Plaintiff was arrested by SERGEANT JAMES PATTON of the Holly Hill Police Department for the charges of child neglect, in violation of § 827.03(3)(c), Florida Statutes, and leaving a vehicle unattended and running, in violation of § 316.1975(1), Florida Statutes, after SERGEANT JAMES PATTON unlawfully opened the Plaintiff's driver's and passenger's doors to illegally search inside the vehicle.

8.     On or about August 14, 2013, the Plaintiff as the defendant in the case of STATE OF FLORIDA v. DEREASE LONDELL IRONS, which was previously pending in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, and assigned Case Number 2012-033898-CFAES, filed a Motion to Suppress Evidence, wherein he argued for the suppression of all evidence obtained from his vehicle based on the Sergeant's illegal search of the same without a warrant or probable cause, in contravention of the Fourth and Fourteenth Amendments to the United States Constitution. See Exhibit A.

9.     On or about October 4, 2013, after conducting a Hearing, the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, entered an Order granting the Plaintiff's Motion to Suppress based on the illegal search. See Exhibit B. The Plaintiff was subsequently released from custody and all charges dropped.

10.     Prior to the entry of the aforementioned Order by the Circuit Court, the Plaintiff remained incarcerated in the Volusia County Branch Jail for approximately 451 days.

11.     At the time he was arrested and incarcerated as a result of SERGEANT JAMES PATTON's illegal deprivation of his Constitutional rights, the Plaintiff maintained employment

at Florida United Methodist Children's Home, as a student advocate, and Community

Partnership for Children, as a student advocate, and earned approximately $1,956.00 per month

in gross income. As a result of the unlawful search precipitated by SERGEANT JAMES

PATTON and the concomitant arrest and incarceration, the Plaintiff lost both jobs.

12.    Further, as a result of Sergeant Patton's unlawful search and the subsequent arrest

and prosecution, the Plaintiff also lost his place of residence, automobile, personal property, and

his ability to see and spend quality time with his children.

### COUNT I – DEPRIVATION OF FOURTH AMENDMENT – UNREASONABLE SEARCH AND SEIZURE

This is an action brought against the CITY OF HOLLY HILL, STEPHEN ALDRICH,

Police Chief of HOLLY HILL POLICE DEPARTMENT, in his official capacity, and

SERGEANT JAMES PATTON, in his individual capacity, pled in the alternative to any

conflicting or duplicative relief sought elsewhere, and in support thereof the Plaintiff, DEREASE

L. IRONS, hereby adopts and incorporates by reference Paragraphs 1-12 as if fully set forth

herein, and in further support would show unto this Honorable Court as follows:

13.    The Plaintiff has the Constitutionally guaranteed right under the Fourth

Amendment of the United States Constitution, as incorporated against the States under the

Fourteenth Amendment, to be free from all unreasonable searches and seizures:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

14.    Nevertheless, in direct contravention of the Plaintiff's express Fourth Amendment

right, and as a matter of custom and policy instituted by the CITY OF HOLLY HILL, the

Defendants conducted an illegal search of the Plaintiff's vehicle which ultimately led to an illegal seizure of the Plaintiff, prosecution of criminal charges against him, and incarceration.

15. SERGEANT PATTON acted under color of State law when he undertook to deprive the Plaintiff of his constitutional rights guaranteed under the Fourth and Fourteenth Amendments.

16. Further, SERGEANT JAMES PATTON's actions represent a custom or policy of the CITY OF HOLLY HILL, where SERGEANT JAMES PATTON is a policy-maker whose acts or edits constitute policy.

17. Irrespective of the actions of SERGEANT JAMES PATTON, the CITY OF HOLLY HILL nevertheless has instituted and continues to maintain a custom or policy of depriving citizens of their guaranteed Fourth Amendment rights to be free from unreasonable searches and seizures, which ultimately led to the Plaintiff's damages described herein.

18. The actions and inactions alleged above were undertaken with the Defendants' willful, wanton, callous and knowing disregard to the clearly established rights of the Plaintiff under the law to be free from unreasonable searches and seizures.

19. As a direct and proximate result of the Defendants' actions in depriving the Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures, the Plaintiff suffered damages including, but not limited to, loss of liberty, severe pain and suffering, mental anguish, physical injury, injury to reputation, monetary loss of earnings and earning potential, personal property, lost time with his family, humiliation, and severe emotional and psychological distress.

20. The Defendants' breaches of the strict Constitutional limits placed on their police power to conduct searches and seizures constitute an abuse of power and, as a result of the

Defendants' custom and policy to abnegate the strictures of Fourth Amendment to the United States Constitution and instead proceed with illegal searches and seizures, the Plaintiff has been deprived of his fundamental rights guaranteed under the Fourth Amendment, made applicable to the Defendants via the Fourteenth Amendment to the U.S. Constitution. The CITY OF HOLLY HILL is the moving force behind the Plaintiff's deprivation of his rights, where, pursuant to its custom and policy, it deliberately caused, or intended to cause, an illegal search and seizure of the Plaintiff.

21.     There exist no other pending or prior action involving the Parties hereto.

22.     As a result of the Defendants' actions, the Plaintiff has retained the undersigned counsel to represent him in this matter and is fully obligated thereto for the fees and costs incurred in the prosecution of this action, for which the Defendants are liable pursuant to 42 U.S.C. § 1988.

23.     The damages sought hereunder are not limited by sovereign immunity.

WHEREFORE, the Plaintiff, DEREASE IRONS, respectfully demands the entry of judgment in his favor against the Defendants and further requests that this Court:

(a) assume jurisdiction of this cause of action and the Parties hereto;

(b) submit the issue of whether the Defendants deprived the Plaintiff of his fundamental constitutional rights, including substantive and/or procedural due process, and hold that such action deprived the Plaintiff of the same as guaranteed by the Fourth Amendment to the United States Constitution, made applicable by the Fourteenth Amendment;

(c) award the Plaintiff his costs and attorney's fees under 42 U.S.C. § 1988;

(d) award the Plaintiff his actual, compensatory, punitive, and any other damages for the injuries he suffered; and

(e) award the Plaintiff any and all other such relief as this Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all so triable as of right.

## VERIFICATION

I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN GOOD FAITH IN THIS VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL, AND THAT PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.

_____      _____
DEREASE L. IRONS, *Plaintiff.*                          /DATE

## N O T A R Y

STATE OF FLORIDA              ))
COUNTY OF VOLUSIA         ))

PERSONALLY APPEARED BEFORE ME the undersigned authority duly qualified to administer oaths and take acknowledgements, this ___7th___ day of ~~February~~ March, 2016, one DEREASE L. IRONS, who after first being duly sworn, executed the above verification for the purposes stated therein, and who is either personally known to me or who provided identification if the form of: FL DL _____.

[SEAL]

_____
NOTARY SIGNATURE

_____
Jessica L. Pavese
PRINTED NAME OF NOTARY

JESSICA PAVESE
MY COMMISSION # FF 066787
EXPIRES: October 28, 2017
Bonded Thru Notary Public Underwriters

DATED this 15th day of March, 2016.

Respectfully Submitted,

KEVIN T. VAGOVIC, ESQ.
Florida Bar Number: 113427
KEVIN T. VAGOVIC, P.A.
210 S. Beach Street, Suite 203
Daytona Beach, Florida 32114
Telephone: (386) 265-0900
Facsimile: (386) 675-1449
Email: service@vagoviclaw.com
*Attorney for Plaintiff.*