# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEREASE L. IRONS,**

    **Plaintiff,**

**v.**                                                                              Case No:   6:16-cv-479-Orl-31GJK

**CITY OF HOLLY HILL, STEPHEN ALDRICH and JAMES PATTON,**

    **Defendants.**

## ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 36) filed by the Defendant, James Patton and the Response (Doc. 38) filed by Plaintiff, Derease Irons.

**I.**     **Background**

Derease Irons brings this action pursuant to 42 U.S.C § 1983 against the City of Holly Hill; Stephen Aldrich, in his official capacity as the Chief of Police for the City of Holly Hill Police Department; and James Patton, a sergeant of the Holly Hill Police Department. On July 11, 2016, the City of Holly Hill and Stephen Aldrich moved to dismiss Irons's claims. Doc. 24. On September 14, 2016, the Court granted said motion, leaving Officer Patton as the only remaining defendant. Doc. 37. Additionally, on September 14, 2016, the Court granted Irons's attorney's Motion to Withdraw as Counsel. Doc. 37. As such, Irons's response to Patton's Motion to Dismiss was submitted pro se.

According to the facts alleged in the First Amended Complaint (Doc. 23), which for the purposes of resolving this motion are taken as true, this matter arises from Irons's warrantless arrest

on July 10, 2012. Doc. 23 at ¶¶ 8–34. Around noon of that day, Irons parked his vehicle along the curb at a Wal-Mart, leaving his infant daughter strapped in her car seat with the engine idling. *Id.* at ¶ 9. Fifteen minutes later, Officer Patton came upon the vehicle, briefly looked inside the front, driver-side window, and opened the door. *Id.* at ¶¶ 10–11. Seeing no one, Officer Patton closed the front door then opened the rear, driver-side door where he discovered Irons's daughter in her child seat. *Id.* at ¶ 12. Irons alleges that, because of the heavily tinted windows and the visor over the car seat, Officer Patton could not have discerned the child in the car until he opened the door. *Id.* at ¶¶ 13–16. Irons was subsequently arrested for child neglect, charged, and incarcerated while awaiting trial. *Id.* at ¶¶ 22, 24.

On August 14, 2013, in criminal proceedings before the Circuit Court of the Seventh Judicial Circuit for Volusia County, Florida, Irons moved to suppress evidence of his child in the car, arguing that Officer Patton had no probable cause to search when he opened the car door. *Id.* at ¶ 26. On October 4, 2013, the court granted Irons's motion, finding that the car was illegally searched without a warrant or probable cause. *Id.* at ¶ 29. Consequently, all charges were dropped and Irons was released after spending 451 days in the Volusia County Branch Jail. *Id.* at ¶¶ 30–31. Irons alleges that his incarceration led to the loss of his residence, automobile, personal property, two jobs, and his ability to see and spend quality time with his children. *Id.* at ¶¶ 32–34.

In summary, Irons alleges that Officer Patton is liable under § 1983 because he violated Irons's Fourth Amendment right against false arrest and unlawful search and seizure. Officer Patton proffers two arguments in his Motion to Dismiss: (1) that any false arrest claim is barred because he had probable cause to arrest Irons; and (2) that he is entitled to qualified immunity.

**II.     Legal Standard**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not reach the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court accepts factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court limits its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993); *O'Rourke v. Hayes*, 378 F.3d 1201, 1206 (11th Cir. 2004) ("When qualified immunity is asserted in the context of a motion to dismiss, we look to the pleadings to see if the plaintiff has successfully alleged the violation of a clearly established right."). Consistent with this rule, the Court will exclude from its review the documents attached to the Defendant's Motion to Dismiss. Doc. 36-A; Fed. R. Civ. Pro. 12(d).

Federal Rule of Civil Procedure 8(a)(2) mandates that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Conley v. Gibson*, 35 U.S. 41, 47 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The plaintiff must allege facts that raise a right to relief above the speculative level and indicate the presence of the required elements. *Twombly,* 550 U.S. at 555; *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

#### A. False Arrest

As stated in the Order granting the City's Motion to Dismiss (Doc. 37), probable cause is an absolute bar to § 1983 claims alleging false arrest. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). In that Order, the Court concluded that because the exclusionary rule does not apply in civil suits against police officers, *Black v. Wigington*, 811 F.3d 1259, 1269 (11th Cir. 2016), there were no set of circumstances under which Officer Patton lacked probable cause to arrest Irons after his child was discovered unattended in the vehicle, and any attempt to cure that deficiency would fail. Therefore, the false arrest claim was dismissed with prejudice. *See Irons v. City of Holly Hill*, No. 616CV479ORL31GJK, 2016 WL 4810721 (M.D. Fla. Sept. 14, 2016). The same holds true for the false arrest claim against Officer Patton in his individual capacity. Thus, the false arrest claim will be dismissed with prejudice and all that remains is a claim based on unlawful search.

#### B. Qualified Immunity

"Qualified immunity protects government officials performing discretionary functions from liability if their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1327 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). Once a government

official establishes that he was acting within his discretionary authority the burden shifts to the plaintiff to show that qualified immunity is inappropriate.[1] *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). "To survive a motion to dismiss, [a plaintiff] must satisfy the two-pronged qualified-immunity standard: (1) the facts alleged in his complaint constitute a violation of his constitutional rights, and (2) the constitutional rights were 'clearly established' when the defendant committed the act complained of." *Morris v. Town of Lexington, Ala.*, 748 F.3d 1316, 1322 (11th Cir. 2014) (citing *Pearson*, 555 U.S. at 232). In the current case, Officer Patton was clearly acting within his discretionary authority as a police officer, therefore, the burden is on Irons to satisfy the two-pronged qualified immunity test.

### 1. Violation of Constitutional Rights

The Fourth Amendment clearly provides a constitutional right against unreasonable searches. U.S. CONST. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."). "While the interior of an automobile is not subject to the same expectations of privacy that exist with respect to one's home, a car's interior as a whole is nonetheless subject to Fourth Amendment protection from unreasonable intrusions by the police." *New York v. Class*, 475 U.S. 106, 114–15 (1986). "The application of the Fourth Amendment depends on whether the person invoking its protection can claim a justifiable, reasonable, or a legitimate expectation of privacy that has been invaded by

---

[1] Officer Patton argues that Irons must plead facts with specificity to overcome Officer Patton's entitlement to qualified immunity. Officer Patton misstates the law. "After *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "Pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in *Iqbal*;" not the former heightened pleading standard. *Id.*

government action" *Smith v. Maryland*, 442 U.S. 735, 740 (1979) (citations and internal quotations omitted). Officer Patton's argument that Irons had no reasonable expectation of privacy in his car is invalid.

First, Officer Patton argues that Irons had no expectation of privacy in his car because it was running, unlocked, and illegally parked. If that were true, any car left parked at an expired meter, or left idling at the curb would be subject to immediate search by police officers. While the aforementioned conduct is frowned upon, it does not eliminate a car owner's Fourth Amendment rights.

Second, Officer Patton argues that Irons abandoned his vehicle and, therefore, had no reasonable expectation of privacy. "Abandonment is primarily 'a question of intent, which may be inferred from acts, words and other objective facts.'" *United States v. Falsey*, 566 Fed. App'x 864, 866 (11th Cir. 2014) (quoting *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003)). A vehicle left idling curbside at a local grocery store leads to the inference that the owner intended to return to his vehicle after shopping, not abandonment. Additionally, the vehicle was standing a mere fifteen minutes before Officer Patton arrived on the scene and Officer Patton opened the door almost immediately thereafter. Given the location and timeframe of the search, there is no inference that Irons intended to abandon his vehicle.[2]

---

[2] The caselaw cited in support of Patton's abandonment argument is distinguishable from the current case. Unlike the defendants in *United States v. Falsey*, 566 Fed. App'x 864 (11th Cir. 2014), and *State v. Wynn*, 623 So. 2d 848 (Fla. Dist. Ct. App. 1993), there is no indication that Patton ever attempted to ascertain who the vehicle belonged to before opening the door. Additionally, unlike the car owners in those cases, Irons returned shortly after Patton arrived on the scene. As to the final case cited by Patton, *Chrispen v. Secretary, Florida Department of Corrections*, 246 Fed. App'x 599 (11th Cir. 2007): the evidence in question was found after an officer forced open a locked briefcase found *on the trunk* of a vehicle, not—as Patton states in his motion—*in* the vehicle. *Id.* at 600.

Third, Officer Patton's plain view argument is similarly without merit. Patton argues that "[t]here are no <u>facts</u> alleged to support a conclusion that neither Patton nor any other passerby could clearly observe the infant unoccupied in a <u>running</u> vehicle . . . ." Doc. 36 at 12 (emphasis in original). A review of the facts alleged reveals just the opposite. According to the Complaint, the vehicle's windows were tinted and the visor over the child seat prevented anyone from ascertaining that the child was in the car—i.e., the child was not in plain view.

Finally, Officer Patton's argument that clear exigent circumstances existed regarding the safety of Irons's child left in the car fails for the same reason the plain view argument failed. Certainly if Officer Patton saw the child, exigent circumstances would justify his entry into the vehicle. However, the facts alleged in the Complaint show that he did not see the child until he opened the rear, driver-side door. Therefore, in light of the above, the facts alleged in the complaint establish a violation of Irons's constitutional rights.

## 2.   Clearly Established Right and Arguable Probable Cause

"In the context of a qualified immunity defense on an unlawful search or arrest claim, [courts] ascertain whether a defendant violated clearly established law by asking whether there was arguable probable cause for the challenged conduct." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (internal quotation and citation omitted); *see Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997) ("In order to be entitled to qualified immunity from a Fourth Amendment claim, an officer need not have actual probable cause but only 'arguable probable cause,' i.e., the facts and circumstances must be such that the officer reasonably could have believed that probable cause existed.") (citations omitted). Under the arguable probable cause standard, "the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have

believed that probable cause existed, in lite [sic] of the information the officer possessed." *Montoute*, 114 F.3d at 184.

Here, as alleged in the Complaint, Officer Patton observed a driverless vehicle idling curbside at a local Wal-Mart. Officer Patton parked his patrol car, approached the vehicle, and peered into the front, driver-side window then immediately opened the driver's door. Doc. 23 ¶¶ 10–13. Officer Patton presents no argument other than those addressed above for whether he had arguable probable cause to search Irons's vehicle. Further, there is no discussion at all as to what a reasonable officer in the same circumstances as Officer Patton would do. Even the caselaw cited by Officer Patton demonstrates that a reasonable officer would not immediately open the car door. In *Falsey*, 566 Fed. App'x at 864; *Chrispen*, 246 Fed. App'x at 599; and *Wynn*, 623 So. 2d at 848; the defendant officers first attempted to ascertain who the vehicle or briefcase belonged to before performing a search. Thus, construing the Complaint in the light most favorable to the plaintiff, Irons has satisfied the qualified immunity test.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss (Doc. 36) is **GRANTED** in part and Irons's false arrest claim is dismissed with prejudice. Defendant's Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 21, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party