**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEREASE L. IRONS,**

      **Plaintiff,**

v.                                                Case No:   6:16-cv-479-Orl-37GJK

**CITY OF HOLLY HILL, STEPHEN**
**ALDRICH, and JAMES PATTON,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    MOTION TO REOPEN CITY OF HOLLY HILL COMPLAINT (Doc. No. 42)
>
> **FILED:**      January 25, 2017
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.   FACTUAL BACKGROUND**

The matter before the Court arises from a police officer's alleged unlawful search of Plaintiff's vehicle. On June 27, 2016, Plaintiff filed the operative complaint against Defendants (the "Complaint"). Doc. No. 23. In Count I of the Complaint, Plaintiff asserts a claim under 42 U.S.C. §1983 against Sergeant James Patton, a Holly Hill, Florida (the "City") police officer who performed an alleged unlawful search of Plaintiff's vehicle. Doc. No. 23 at 7-8. In Count II of the Complaint, Plaintiff asserts a claim against Stephen Aldrich, the City's police chief, under 42 U.S.C. §1983. *Id.* at 8-10. Both claims assert that Defendants violated Plaintiff's Fourth

Amendment right against false arrest and unlawful search and seizure. *Id.* at 3-10. Because Plaintiff sues Chief Aldrich in his official capacity, the Court interprets Count II as a claim against the City. *See Fareed v. Hicks*, 915 F.2d 1530, 1532 (11th Cir. 1990) (citations omitted) ("Where…a section 1983 plaintiff sues government employees (such as police officers) in their official capacities, the suit is in actuality against the government entity that the individuals represent"); Doc. No. 37 at 1 (citing same). Thus, the Court will refer to the City when addressing Plaintiff's claim against Chief Aldrich.

On July 11, 2016, the City moved to dismiss Count II (the "Motion to Dismiss"). Doc. No. 24. On July 22, 2016, Plaintiff filed an amended response to the Motion to Dismiss. Doc. No. 32. On August 19, 2016, Plaintiff's counsel filed an Unopposed Motion to Withdraw as Counsel, citing irreconcilable differences with Plaintiff (the "Motion to Withdraw"). Doc. No. 34. On August 29, 2016, the undersigned granted the Motion to Withdraw, permitting Plaintiff to proceed *pro se*. Doc. No. 35. The undersigned ordered that all future filings and papers in this case shall be served on Plaintiff at the Volusia County Jail (the "Jail"). *Id.* at 2. Plaintiff was also ordered to keep the Court and opposing counsel apprised of his current residential mailing address and immediately inform the Clerk, the Court, and opposing counsel via written notice should his address change. *Id.* at 3. The order also warned Plaintiff that "[a]s a *pro se* litigant, Plaintiff is subject to the same law and rules of court as litigants who are represented by counsel…" *Id.* at 2. On October 27, 2016, Plaintiff's counsel certified that copies of the aforementioned order and the then operative Case Management and Scheduling Order (Doc. No. 28) were provided to Plaintiff. Doc. No. 39.

On September 14, 2016, U.S. District Judge Gregory A. Presnell dismissed Count II with prejudice as to the alleged false arrest, but dismissed Count II without prejudice as to the alleged unlawful search (the "Order of Dismissal"). Doc. No. 37 at 10. The Order of Dismissal allowed

Plaintiff to file an amended complaint as to the alleged unlawful search by September 29, 2016. *Id.* Plaintiff never filed an amended complaint as to the alleged unlawful search. On November, 11, 2016, Judge Presnell dismissed Count I with prejudice as to the alleged false arrest, but did not dismiss Count I as to the alleged unlawful search. Doc. No. 40 at 8.

On January 25, 2017, Plaintiff filed a Motion to Reopen the Case (the "Motion"). Doc. No. 42. In the Motion, Plaintiff states that he never received the Order of Dismissal and was unaware of it until January 2017, when a family member appraised him of the status of the case. *Id.* at 1-2. Plaintiff also states that the Jail has failed to provide him a copy of the Federal Rules of Civil Procedure, denying him his right of access to the federal courts. *Id.* at 1. Plaintiff requests the Court grant leave to reopen the case as to Count II of the Complaint. *Id.* at 2. On February 8, 2017, the City filed its response to the Motion (the "Response"). Doc. No. 47. In the Response, the City argues that Plaintiff's request is meritless because: 1) Judge Presnell's order became final when Plaintiff failed to timely file an amended complaint; and 2) Plaintiff failed to demonstrate excusable neglect. *Id.* at 4-7. On February 22, 2017, U.S. District Judge Roy B. Dalton, Jr. issued an Amended Case Management and Scheduling Order (the "Scheduling Order") setting the following pertinent deadlines:

- Mediation Deadline: July 3, 2017
- Discovery Deadline: July 3, 2017
- Dispositive Motions Deadline: August 1, 2017
- Final Pre-Trial Conference: December 21, 2017
- Jury Trial: January 2, 2018

Doc. No. 50 at 3.

## II.     ANALYSIS

There are two issues central to the Court's determination of the Motion. First, the Court must decide whether the Order of Dismissal is a final order. Second, if the Order of Dismissal is final, the Court must decide whether Plaintiff is entitled to relief from the order. *See* Fed. R. Civ. P. 60(b) (providing grounds for relief from a final judgment, order, or proceeding). The Court will address each in turn.

### A.  The Finality of the Order of Dismissal

The Eleventh Circuit has held that "where an order dismisses a complaint with leave to amend within a specified period, the order becomes final…when the time period allowed for amendment expires." *Briehler v. City of Miami*, 926 F.2d 1001, 1002 (11th Cir. 1991). Here, the Order of Dismissal states that Plaintiff had until September 29, 2016 to file an amended complaint as to the alleged unlawful search. Doc. No. 37 at 10. Because Plaintiff failed to file an amended complaint by the aforementioned deadline, the Order of Dismissal became final on September 29, 2016. Once Plaintiff's opportunity to file an amended complaint expired, the Court loses its power to grant further extensions unless Plaintiff shows excusable neglect under Federal Rule of Civil Procedure 60(b)(1). *See* Fed. R. Civ. P. 60(b)(1). *See also Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132-33 (11th Cir. 1994) (noting that when a dismissal order became final, "the court lost all its prejudgment powers to grant any more extensions"). Thus, because Plaintiff failed to file an amended complaint before September 29, 2016, the Order of Dismissal is a final order, and the Court cannot provide any relief unless Plaintiff shows he is entitled to relief under Federal Rule of Civil Procedure 60(b).

### B.  Relief from the Order of Dismissal

Plaintiff requests that the Court grant leave to reopen the case as to Count II because: 1) the Jail has denied him access to the Federal Rules of Civil Procedure, and thus is being denied his right of access to the federal courts; and 2) he never received the Order of Dismissal. Doc. No. 42 at 1-2. The City argues that: 1) Plaintiff's lack of access to the Federal Rules of Civil Procedure does not amount to excusable neglect; and 2) Plaintiff's argument that he never received the Order of Dismissal "is either untrue or is insufficient to constitute excusable neglect…" Doc. No. 47 at 6. In support of its second argument, the City cites to documents Plaintiff filed proximate to and after the time Judge Presnell issued the Order of Dismissal. Doc. No. 47 at 6.

Federal Rule of Civil Procedure 60(b)(1) permits a court to vacate a final order as a result of a party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) (citations omitted). The moving party bears the burden of establishing entitlement to relief under Rule 60(b)(1). *Florida Physicians Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993).

### 1)  Access to the Courts

Plaintiff states that the Jail has refused to provide Plaintiff with a copy of the Federal Rules of Civil Procedure and thus denied his right to access to the courts. Doc. No. 42 at 1. Plaintiff cites to the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), in support of his argument. Doc. No. 42 at 1. The Eleventh Circuit in *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998), summarized the applicable law when a prisoner alleges that his or her institution prevented access to the courts:

> "[T]he fundamental constitutional right of access to the courts requires prison authorities to ... provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). <u>The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite."</u> *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996)… <u>While *Bounds* guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance.</u> *See Lewis*, 518 U.S. at 349–51, 116 S.Ct. at 2179–80…
>
> <u>With respect to access-to-court claims, *Lewis* clarifies that a plaintiff first must show actual injury before seeking relief under *Bounds*.</u> *See Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir.1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. *See Id.* at 1445. <u>To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials</u>…

*Id.* (emphasis added). Thus, *Wilson* stands for the proposition that a prisoner has no inherent right of access to legal books. *Id.* Furthermore, should a prisoner argue that he or she was denied access to the courts, he or she must provide evidence of an actual injury resulting from such conduct. *Id.*

Here, Plaintiff has failed to show facts warranting relief under Rule 60(b)(1) because there is no evidence showing that his failure to amend the Complaint was the result of his being denied access to the Federal Rules of Civil Procedure. As stated above, Plaintiff argues that he never received the Order of Dismissal and was <u>unaware of the same</u> until January 2017, over three months after Judge Presnell issued the Order of Dismissal. Doc. No. 42 at 2 (emphasis added). Thus, it was Plaintiff's incognizance of the Order of Dismissal (not the Jail's alleged refusal to provide access to the Federal Rules of Civil Procedure) that led to his failure to file an amended complaint. *Id.* Because Plaintiff has failed to show that the Jail's alleged denial of access to the

Federal Rules of Civil Procedure prevented Plaintiff from filing an amended complaint, the undersigned finds the Jail's alleged behavior (even if true) is sufficient to warrant relief under Rule 60(b)(1).

### 2) Failure to Receive the Order of Dismissal

Plaintiff also states that he never received the Order of Dismissal. Doc. No. 42 at 1. The City argues that Plaintiff's argument "is either untrue or is insufficient to constitute excusable neglect…" Doc. No. 47 at 6. The City also states:

> Indeed, [Plaintiff's argument] is quite an interesting assertion…given that he has made several other filings with this Court since the date of the [Order of Dismissal]…Plaintiff received Sgt. Patton's Motion to Dismiss that was filed the day before the [Order of Dismissal], and filed a response to that motion the following week. Furthermore, Plaintiff initiated another action with a contemporaneous motion for injunctive relief with [this Court] on December 12, 2016. *See Irons v. County of Volusia, et. al.*, 6:16-cv-2129-Orl-40KRS (Docs. 1, 2) (M.D. Fla. Dec. 12, 2016). Additionally, between the date of filing of the [Order of Dismissal] and [the Motion], Plaintiff initiated yet another action with the Court. *See Irons v. County of Volusia, et al.*, 6:17-cv-22-PGB-KRS (Doc. 1) (M.D. Fla. Jan. 3, 2017). Evidence that a *pro se* party has been able to file multiple documents with the court while incarcerated is relevant to a determination that the party is not entitled to Rule 60(b) relief based on excusable neglect…

*Id.* (emphasis added). Thus, the City argues that Plaintiff's argument is untrue and insufficient given the fact that he responded to another motion filed earlier in this case, and later made filings in other cases in this Court. *Id.*

Determining excusable neglect from a Plaintiff's failure to file an amended complaint before a Court-ordered deadline is a discretionary decision. *Santillana v. Florida State Court System*, No. 6:09-cv-2095-Orl-19KRS, 2010 WL 1532337, at * 2 (M.D. Fla. Apr. 16, 2010). When making such a determination, the Court must consider: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3)

the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). *See also Santillana*, 2010 WL 1532337 at * 2. Of the four aforementioned factors, "[p]rimary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Advanced Estimating Sys., Inc. v. Riney,* 77 F.3d 1322, 1325 (11th Cir. 1996) (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.1996)). The Court will consider each factor in turn.

The Court recognizes that the Scheduling Order sets the discovery and mediation deadlines on July 3, 2017 and a dispositive motions deadline on August 1, 2017. Doc. No. 50 at 3. Nevertheless, after considering the first two *Pioneer* factors, the undersigned finds that reopening the case would neither unduly prejudice the City nor impact the Court's management of this case for three reasons. First, the City does not argue that a reopening of Count II would be prejudicial. Doc. No. 47 at 5-7. Instead, the City only argues that Plaintiff has failed to show excusable neglect. *Id.*

Second, the undersigned finds that there is sufficient time to engage in discovery and prepare for a potential trial. The City and Sergeant Patton are closely related parties and are represented by the same counsel. Furthermore, should Count II be reopened, Defendants would share the same outstanding claims, namely allegations of an unlawful search. Thus, reopening Count II would not cause any delay or complication in discovery amongst the parties. Furthermore, there would be no rush complete additional discovery before the discovery deadline, since the parties have been engaging in discovery as to the unlawful search claim asserted against Sergeant Patton.

Third, while Plaintiff did not file the Motion until four months after the Order of Dismissal, he did file the Motion twenty-four days after being made aware of it. Doc. No. 42 at 2. Thus, there was no gross delay once Plaintiff was made aware of the Order of Dismissal.

With regard to the final two *Pioneer* factors, the undersigned finds the reason for Plaintiff's delay was well within his control, as the undersigned had warned Plaintiff that "[a]s a *pro se* litigant, Plaintiff is subject to the same law and rules of court as litigants who are represented by counsel…" Doc. No. 35 at 2. Furthermore, the undersigned recognizes that Plaintiff has made several other filings (and initiated two suits) since Judge Presnell issued the Order of Dismissal. Doc. No. 47 at 6. Nevertheless, such filings do not necessarily prove that Plaintiff received the Order of Dismissal and filed the Motion in bad faith.[1] Thus, after considering the *Pioneer* factors with a particular focus on "the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration," the undersigned finds that Plaintiff has shown excusable neglect in his failure to file an amended complaint before the Court-ordered deadline. *See Advanced Estimating Sys., Inc.*, 77 F.3d at 1325.

As a final point, Court reminds Plaintiff that "[a] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of [his] *pro se* status." *Moon v. Newsome*, 863 F.2d 835, 838 n.5 (11th Cir. 1989) (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980)).[2] This is not the first time that Plaintiff has failed to timely comply with Court orders. *See Irons. v. Flowers, et al.* 17-cv-22-PGB-KRS (Doc. No. 9) (M.D.

---

[1] The City also cites to authority standing for the proposition that "[e]vidence that a *pro se* party has been able to file multiple court documents with the court while incarcerated is relevant to a determination that the party is not entitled to Rule 60(b) relief based on excusable neglect." Doc. No. 47 at 6 (citing *Broadway v. City of New York*, No. 96-cv-2798(RPP), 2003 WL 21209635, at *4 (S.D.N.Y. May 21, 2013)). The City, however, has not provided any authority from courts within the Eleventh Circuit standing for the same proposition.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Fla. Feb. 17, 2017). Thus, Plaintiff "must take responsibility for the obligations to which he [is] committed and get the work done by the deadline." *See Young v. City of Palm Bay, Fla.,* 358 F.3d 859, 864 (11th Cir. 2004); *Moon*, 863 F.2d at 837. Plaintiff also has the responsibility to make sure that he timely receives the orders of this Court. Nevertheless, the Eleventh Circuit indicated "a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). After considering the *Pioneer* factors and the Eleventh Circuit's strong preference for deciding cases on the merits, the undersigned recommends that the Court reopen Count II as to the alleged unlawful search.

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 42); and

2) Reopen Count II specifically for the purpose of allowing Plaintiff to file an amended complaint as to the alleged unlawful search; and

3) Provide Plaintiff fourteen days after the entry of the Court's order regarding this report and recommendation to file an amended complaint only as to Count II's allegations of the City's unlawful search; and

4) Provide Plaintiff fair warning that failure to respond to such order will result in dismissal of Count II without warning.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

      Recommended in Orlando, Florida on April 3, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy