UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEREASE L. IRONS,

    Plaintiff,

v.                                                                          Case No. 6:16-cv-479-Orl-37GJK

CITY OF HOLLY HILL; STEPHEN
ALDRICH; and JAMES PATTON,

    Defendants.

## ORDER

In the instant civil rights action, *pro se* Plaintiff Derease L. Irons asserted false arrest and unreasonable search claims against Defendants James Patton ("**Patton**") ("**Count I**") and the City of Holly Hill ("**City**") ("**Count II**").[1] (Doc. 23.) The City subsequently moved to dismiss the claims asserted in Count II. (Doc. 24 ("**City's MTD**").)

On September 14, 2016, U.S. District Judge Gregory A. Presnell granted the City's MTD, dismissing Plaintiff's false arrest claim with prejudice and his unlawful search claim without prejudice. (Doc. 37 ("**Dismissal Order**").) The Dismissal Order gave Plaintiff leave to reassert his unlawful search claim against the City on or before

---

[1] Plaintiff asserts Count II against Defendant Stephen Aldrich in his official capacity as Police Chief of the Holly Hill Police Department. (Doc. 23, ¶ 46.) The Court, therefore, construes Count II as a claim against the City. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("[W]hen an officer is sued under [42 U.S.C. § 1983] in [his] official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent. Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents.").

September 29, 2016. ² (*Id.* at 10.) This deadline came and went, yet Plaintiff did not file an amended complaint.

However, on January 25, 2017, Plaintiff moved for an extension of time to refile an unlawful search claim against the City based on his representations that: (1) he never received the Dismissal Order; and (2) the jail where he is incarcerated does not keep a record of incoming and outgoing mail. (Doc. 42 ("**Motion for Relief**").) According to Plaintiff, he only learned of the Dismissal Order after asking a family member to research the status of this action. (*Id.* at 2.)

In the interim, the action was reassigned to the Undersigned (Doc. 45), who referred the Motion for Relief to the magistrate judge. Accordingly, on April 3, 2017, U.S. Magistrate Judge Gregory J. Kelly issued a Report recommending that the Court grant the Motion for Relief based on: (1) his consideration of the factors enumerated in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), governing excusable neglect for the failure to timely file an amended complaint; and (2) his finding that reopening the case would neither unduly prejudice the City nor impact the Court's management of the case. (Doc. 55 ("**R&R**").) The following week, Defendants filed a notice indicating that they did not object to the R&R. (Doc. 58.)

In the absence of objections, the Court has examined the R&R for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1

---

² Upon consideration of a separate motion to dismiss by Patton (Doc. 36 ("**Patton's MTD**")), Judge Presnell similarly dismissed Plaintiff's false arrest claim in Count I with prejudice but otherwise denied Patton's MTD. (Doc. 40.)

(M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes that the R&R is due to be adopted in its entirety.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 55) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Plaintiff's Motion to Reopen City of Holly Hill Complaint and Extend and Toll Time to Refile Unlawful Search Against the City of Holly Hill (Doc. 42) is **GRANTED**.

3. The Clerk is **DIRECTED** to mail Plaintiff a copy of the Dismissal Order issued by U.S. District Judge Gregory A. Presnell on September 14, 2016 (Doc. 37).

4. On or before Thursday, **April 27, 2017**, Plaintiff may file an amended complaint reasserting his unlawful search claim against the City, consistent with Judge Presnell's Dismissal Order. Failure to timely file an amended complaint will result in the dismissal of the unlawful search claim in Count II without leave to reassert it in this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 13, 2017.



Copies to:

*Pro Se* Plaintiff
Counsel of Record