UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEREASE L. IRONS,

    Plaintiff,

v.                                                                 Case No. 6:16-cv-479-Orl-37GJK

CITY OF HOLLY HILL; STEPHEN
ALDRICH; and JAMES PATTON,

    Defendants.

## ORDER

On February 6, 2017, *pro se* Plaintiff Derease L. Irons filed an "Emergency Request for Injunction Relief" referencing a civil rights Complaint, which he claims that the Court should have received on Friday, January 27, 2017. (Doc. 46 ("**Motion for Injunctive Relief**").) In substance, the Motion for Injunctive Relief requests that the Court enter an Order mandating Volusia County corrections officers to restore the inmates' visitation rights and allow them to use the phones to contact legal counsel and public officials—rights that Plaintiff claims have been stripped from the inmates without due process. (*Id.*) Curiously, however, the instant action involves allegations of an unlawful search of Plaintiff's car (*see* Docs. 23, 61), and no Complaint was received on or about January 27, 2017.

Defendant James Patton responded by moving to strike the Motion for Injunctive Relief on the ground that it appeared to have been filed in the wrong case. (Doc. 48 ("**Motion to Strike**").) In a Report and Recommendation issued April 7, 2017,

U.S. Magistrate Judge Gregory J. Kelly agreed, finding that: (1) Plaintiff did not name any of the parties to this case in the Motion for Injunctive Relief; (2) Plaintiff has filed two actions against the defendants named in the Motion for Injunctive Relief; (3) a Complaint was filed in one of those actions on January 31, 2017—close to the date that Plaintiff maintains the Court should have received it; and (4) such Complaint names the same parties mentioned in the Motion for Injunctive Relief and states allegations similar to those referenced therein. (Doc. 56 ("**R&R**").) As such, the R&R recommends that the Court: (1) deny the Motion for Injunctive Relief; and (2) deny the Motion to Strike as moot. (*Id.* at 3.)

Neither party objected to the R&R, and the time for doing so has now passed. Hence the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 56) is **ADOPTED, CONFIRMED,** and made a part of this Order.

2. Plaintiff's Emergency Request for Injunction Relief (Doc. 46) is **DENIED**.

3. Defendant Sergeant James Patton's Motion to Strike Plaintiff's Emergency Motion for Injunctive Relief (Doc. 48) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 25, 2017.



Copies to:
Counsel of Record